Sill

The Court finds it very concerning that Plaintiff has failed to respond to this letter or comply with her discovery obligations. Regarding Defendant ResMed's Fourth Notice to Produce Documents, Plaintiff has waived objections by failing to respond. To that end, Plaintiff is directed to produce all responsive documents to these requests by **August 7, 2026**. Plaintiff is also directed to respond to RedMed's deficiency letter regarding ResMed's Third Notice to Produce Documents by **August 7, 2026**. The Court therefore **DENIES** ResMed's request for a pre-motion conference at this time. In the event Plaintiff continues to fail to comply, ResMed is free to file another letter to compel and the Court may contemplate sanctions against Plaintiff. SO ORDERED.

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge
July 22, 2026

Andrew W. Schwartz
Of Counsel
Admitted In NJ, NY
Direct Dial: 973-643-5886
Email: aschwartz@sillscummis.com

<u>VIA ECF</u>
Hon. Jennifer E. Willis, U.S.M.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Brooke Warren v. ResMed Corp., et al.*
Civil Action No. 1:21-cv-08531

Dear Judge Willis:

We represent Defendant ResMed Corp., in the above-referenced action. We write, pursuant to paragraph II.A of the Court's Individual Practices in Civil Cases, to respectfully request that a conference be scheduled to address Plaintiff Brooke Warren's failure to respond to discovery. At the conference, ResMed will address the failure of Plaintiff: (i) to respond, at all, to RedMed's Fourth Notice to Produce Documents; and (ii) to fully respond to ResMed's Third Notice to Produce Documents. We have made multiple attempts to meet and confer with Plaintiff's counsel on these issues, including, most recently, by email dated June 23, 2026. [**Attachment A.**] Plaintiff's counsel has ignored all efforts to discuss Plaintiff's failure to respond to ResMed's discovery demands. As such, a conference is necessary preliminary to a potential motion to compel Plaintiff to respond to discovery.

The Amended Case Management Order, dated April 2, 2026 (ECF #84) (the "ACMO"), provides that all fact discovery must be completed by August 3, 2026. [*Id.*, ¶ 1.]

1. **<u>Plaintiff Has Failed to Respond to ResMed's Fourth Notice to Produce Documents.</u>** In accordance with paragraph 2 of the ACMO, ResMed served Plaintiff with its Fourth Notice to Produce Documents on May 1, 2026. [**Attachment B.**] The Fourth Notice to Produce Documents seeks Plaintiff's written communications with several of decedent Phillip Warren's treating physicians. Based on discovery obtained from Mr. Warren's treating physicians, we are aware that Plaintiff had extensive communications, by both email and text message, with these treaters following Mr. Warren's death, including as to the cause of his death. However,

Plaintiff herself has not produced these communications despite service of a direct demand for their production. Pursuant to Rule 34, Plaintiff was required to respond to the Fourth Notice to Produce Documents by no later than June 1, 2026. To date, Plaintiff has served no response of any kind. As noted above, we have made multiple attempts to contact Plaintiff's counsel, both by phone and email, to address Plaintiff's delinquent responses, all to no avail.

**2. Plaintiff Has Failed to Respond to ResMed's Deficiency Letter Addressing Her Failure to Fully Respond to ResMed's Third Notice to Produce Documents.** On October 31, 2025, ResMed served Plaintiff with its Third Notice to Produce Documents. [**Attachment C.**] Plaintiff finally served her responses on March 22, 2026. [**Attachment D.**] By letter dated May 1, 2026, sent in accordance with paragraph 2 of the ACMO, ResMed advised Plaintiff's counsel of numerous deficiencies in her responses to ResMed's Third Notice to Produce Documents. [**Attachment E.**] In the letter, ResMed identified multiple failures by Plaintiff to fully respond, including, but not limited to, her failure to produce: (i) documents identifying money received from BC Partners, Mr. Warren's employer, both prior to and subsequent to his demise (Request No. 4); (ii) communications between Plaintiff and Philip Warren's former employers (Request No. 5); (iii) documents related to Mr. Warren's employment at BC Partners, including employee benefits (Request No. 6); and (iv) documents regarding family living expenses (Request Nos. 12, 15, and 27). Plaintiff completely ignored the deficiency letter and there has been no response to the efforts we have made to discuss the deficiency letter with her counsel.

Accordingly, ResMed respectfully requests that the Court schedule a conference to address Plaintiff's discovery omissions and deficiencies.

We thank the Court for its consideration of this request.

Respectfully submitted,

Andrew W. Schwartz

Attachments
cc (via ECF): Perry D. Silver, Esq.
Aaron Halpern, Esq.
Thomas M. DeMicco, Esq.
David Black, Esq.
Beth S. Rose, Esq.